```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )         4:08CR3067
                               )
       v.                      )
                               )
GARY ZIERKE JR.,               )      REPORT, RECOMMENDATION,
                               )            AND ORDER
              Defendant.       )
                               )
```

The defendant has filed a motion to suppress all evidence obtained during the search of a residence located at 3804 E. Seedling Mile Road #I, Grand Island, Nebraska. Filing 22. The search was conducted pursuant to a warrant issued by the District Court of Hall County, Nebraska. Filing 25, at CM/ECF p. 5. The warrant commanded the affiant officer, Investigator Rick Conrad, and the Hall County Sheriff's Department to search the subject residence for methamphetamine, cash used to purchase methamphetamine, drug paraphernalia, records associated with drug transactions, weapons, and electronic information devices. Filing 25, at CM/ECF p. 5.

The search was conducted on February 14, 2008. The defendant claims the evidence obtained and statements arising from this search must be suppressed under the Fourth Amendment because:

- The search warrant affidavit was primarily based on information from confidential informants, but contains no discussion of whether these CIs were reliable, and no statement that their information was independently verified;

- The affidavit contained omissions and misinformation concerning the date and location of purported methamphetamine sales by Zierke; and

- The affidavit omitted evidence that the CI involved in a controlled purchase of methamphetamine was actively using methamphetamine while working for law enforcement.

Filing 22.  The defendant is thus claiming the warrant application on its face did not support a finding of probable cause, and alternatively, the affiant officer intentionally or recklessly misstated or failed to include material information in the application, and had the issuing judge been truthfully and completely informed of the facts, the application would have failed to establish probable cause.

## DISCUSSION

The warrant to search the property at 3804 E. Seedling Mile Road #I, Grand Island, Nebraska was based on the warrant affidavit completed by Investigator Rick Conrad of the Hall County Sheriff's Department on February 14, 2008.  Investigator Conrad's affidavit contained the following information.

As of the date of the affidavit, Investigator Conrad had been a law enforcement officer for 15 years, with one and one-half years experience as a narcotics investigator.  He had been a canine handler with the Hall County Sheriff's Department from 1996 to 2005, and had been involved in many drug-related law enforcement activities and search warrants.  His training included completing the Drug Enforcement Administration's 80-hour basic drug training course and its 40-hour Advanced Drug Enforcement course, a 40-hour electronic surveillance course, and

a 40-hour intermediate drug investigation course through the Nebraska Law Enforcement Training Center.

CI0705-12 reported that he went to 3804 E. Seedling Mile #I on January 23, 2008, contacted an unknown Hispanic male, and told the Hispanic male that he needed to make a payment of $150.00 to Gary Zierke III[1] ("Zierke") for a previous drug debt. CI0705-12 stated that Annette Mason, a person known to be associated with Zierke, was present during the "transaction." The Hispanic male stated that Zierke was home and he would deliver the CI's money to Zierke.

Between January 23 and February 14, 2008, the Tri-City Drug Task Force received numerous citizen complaints of large gatherings and short term traffic at 3804 E. Seedling Mile #I. Based on his experience, Investigator Conrad considered these complaints indicative of active consumption and sales of controlled substances.

On February 12, 2008, Investigator Conrad spoke with CI0803-12, who stated he had purchased methamphetamine from Zierke at least three times over the last two weeks, the amount of methamphetamine purchased totaling approximately seven grams, and that one of these purchases occurred at 3804 E. Seedling Mile #I.

---

[1] Although CI0705-12 told the Hispanic male that he needed to make a payment to Gary Zierke *III*, and the Hispanic male said he would deliver the money to Gary Zierke *III*, Annette Mason was associated with Gary Zierke, *Jr.*, and subsequent references in the affidavit are to Gary Zierke, *Jr.* There is apparently no significance to the misnomer by CI0705-12.

CI0803-12 stated he went to 3804 E. Seedling Mile #I on February 12, 2008, contacted Zierke, and asked to buy 1/8 of an ounce of methamphetamine, but Zierke responded that he would have to pick up the methamphetamine.  While under surveillance by the Tri-City Drug Task Force, Zierke drove to the Mobile Haven Trailer Park located on Highway 34 in Grand Island, went to an unknown trailer, and returned to 3804 E. Seedling Mile #I. According to CI0803-12, Zierke told CI0803-12 that he was unable to locate the methamphetamine and the CI would need to return.

CI0803-12 reportedly contacted Zierke again on February 14, 2008 at 3804 E. Seedling Mile #I and arranged to buy 1/8 ounce of methamphetamine for $350, which had been provided to the CI by law enforcement.  CI0803-12 told Investigator Conrad that Zierke again stated he would need to go to another location and get the methamphetamine, and then Zierke and CI0803-12 rode together to Mobile Haven #13.  CI0803-12 stated Zierke went into that residence and returned with an unknown Hispanic female, and then Zierke, the unknown Hispanic female, and CI0803-12 drove back to 3804 E. Seedling Mile #I.  CI0803-12 told Investigator Conrad that Zierke and Annette Mason, who was already present at 3804 E. Seedling Mile #I, went to a back bedroom, returned with a small baggie of a white crystal substance, and handed it to CI0803-12.

CI0803-12 left 3804 E. Seedling Mile #I, met with Investigator Conrad at a predetermined location, and handed him approximately 3.3 grams of a substance that field-tested positive for methamphetamine.

Investigator Conrad stated that he believed methamphetamine was located at Zierke's residence, 3804 E. Seedling Mile Road #I, Grand Island, Hall County, Nebraska, and that drug paraphernalia,

records associated with drug transactions, firearms, and proceeds from the sale of illegal drugs stored and concealed at the residence would also likely be present at that location.

> A. The Face of the Warrant Application: Lack of Probable Cause.

The defendant claims first that the application to search 3804 E. Seedling Mile #I was insufficient because the affiant officer failed to show that the information from CI0803-12 and CI0705-12 was reliable or independently verified.

A search warrant is valid under the Fourth Amendment if it is supported by probable cause. U.S. v. Stevens, 530 F.3d 714, 718 (8th Cir. 2008). When presented with a warrant application, the court must conduct a "'practical, common-sense inquiry,' consider 'the totality of the circumstances set forth,' and determine if, based on the information in the application, there exists a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" Stevens, 530 F.3d at 718 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "Although 'an informant's veracity, reliability and basis of knowledge are all highly relevant' in determining whether probable cause exists when an affidavit is based on hearsay information, they are not 'entirely separate and independent requirements to be rigidly exacted in every case.'" Stevens, 530 F.3d at 718 (quoting Gates, 462 U.S. at 230). When the police use informants without a track record, the information received may be deemed reliable if it is independently corroborated by the officers' own investigation or cross-corroborated through information received from other informants. U.S. v. Nieman, 520 F.3d 834, 840 (8th Cir. 2008).

The warrant application presented to the Hall County District Judge contained no information stating CI0803-12 or CI0705-12 had provided reliable information to Investigator Conrad in the past.  However, based on the application, CI0803-12 not only told Investigator Conrad that he had purchased methamphetamine from Zierke, he attempted to make two buys from Zierke.  The first attempt was unsuccessful; the second was successful.  For both, CI0803-12's contact with the defendant occurred at the location where CI0705-12 had delivered money to a Hispanic male as payment for drug debt owed to Zierke.  This was also a residence that, based on neighbor complaints, had been a site of large gatherings and short-term traffic indicative of drug use and trafficking.

The application states that during CI0803-12's first attempted buy, Zierke was under Tri-City Drug Task Force surveillance, who watched Zierke drive to the Mobile Haven Trailer Park.  Although Zierke returned and reportedly told CI0803-12 that he was unable to deliver the requested methamphetamine, based on its own surveillance, the task force knew where Zierke had traveled to retrieve methamphetamine to sell to CI0803-12.

CI0803-12 identified the Mobile Haven Trailer Park as the location he reportedly went to during the second, successful drug buy.  For the second buy, CI0803-12 was provided $350 to purchase 1/8 ounce of methamphetamine.  He later reported to Investigator Conrad that after asking Zierke to sell him methamphetamine, CI0803-12 rode with Zierke to the Mobile Haven Trailer Park where Zierke entered trailer #13.  CI0803-12 stated that after Zierke returned to the vehicle, CI0803-12 and Zierke traveled back to 3804 E. Seedling Mile #I, where Zierke sold 1/8 ounce of

6

methamphetamine to CI0803-12. CI0803-12 then met with Investigator Conrad at a pre-determined location and handed him 3.3 grams of suspected methamphetamine.

The veracity of CI0803-12's information concerning the location of Zierke at 3804 E. Seedling Mile Road #I, and Zierke's use of that location to conduct drug sales was cross-corroborated by CI0705-12's statements and citizen complaints. The information provided by CI0803-12 concerning the location of Zierke's supply was independently corroborated by the drug task force surveillance conducted during the first attempted buy. Finally, CI0803-12 turned over 3.3 grams of methamphetamine to Investigator Conrad at the conclusion of the second buy.

The totality of the information set forth in the warrant application sufficiently verified the reliability of CI0803-12's reports. These reports justified a finding of probable cause to believe the residence located at 3804 E. Seedling Mile Road #I was being used for and would contain evidence of illegal drug trafficking. The defendant's claim that the warrant application lacked a sufficient showing of probable cause is without merit.

      B.    <u>Franks Challenge.</u>

The defendant claims the warrant application misstated or did not include material information which, if correctly set forth or included, would have wholly undermined the officer's ability to obtain a search warrant. The defendant therefore claims that the good faith exception set forth in United States v. Leon, 468 U.S. 897 (1984), cannot be applied in this case. He requests an evidentiary hearing.

7

Under Franks v. Delaware, 438 U.S. 154, 171 (1978), a defendant is not entitled to a hearing on his claim that the affiant officer intentionally or recklessly misstated or excluded material information from a warrant application unless he first shows that the warrant application, corrected to remove false information and to include concealed facts, would not have supported a finding of probable cause. Franks, 438 U.S. at 170; United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002). In support of his Franks showing, the defendant has submitted the transcript of a preliminary hearing held before the County Court of Hall County, Nebraska on March 24, 2008, filing 25, at CM/ECF pp. 6-23 & filing 26, at CM/ECF pp. 1-17; a warrant affidavit completed on February 14, 2008 for the search of a residence located at 3511 Deann Road, Grand Island, Hall County, Nebraska, filing 27, at CM/ECF pp. 1-4; an intelligence report authored by Investigator Conrad on February 14, 2008 regarding the conduct of CI0803-12, filing 27, at CM/ECF p. 5; and the cooperation agreement for CI0803-12, filing 27, at CM/ECF pp. 6-7.

The transcript of the preliminary hearing reflects that during that hearing, Investigator Conrad testified in greater detail about the information he received from CI0803-12 following the second buy, and the measures taken by officers to make sure CI0803-12 was incapable of falsely staging a controlled drug buy from Zierke. However, his testimony at the preliminary hearing was to the effect that the second buy occurred on January 23, 2008, not February 14, 2008.

A fair comparison of Investigator Conrad's testimony and warrant application reflects, at most, confusion about the date of the second controlled buy, and not the occurrence itself. Even were the application "corrected" by stating that the second

controlled purchase took place on January 23, there is no dispute that a controlled buy from Zierke did take place at the address identified in the warrant application. The evidence before the court, however, establishes that the correct date was in fact February 14, 2008 as stated in the affidavit. Defendant does not argue that the date was actually January 23, but only that there is a conflict; the conflict is resolved by the affidavit of Investigator Conrad filed in response to the motion to suppress. [Filing 31-2](#).[2]

Moreover, the hearing transcript supports, at most, that the officer made a mistake in his testimony. It does not support any claim that the officer recklessly or intentionally attempted to mislead the issuing judge regarding material facts in order to secure the search warrant.

The defendant next claims a warrant application completed by Investigator Jeffrey D. Shelton of the Nebraska State Patrol on February 14, 2008 contradicts Investigator Conrad's warrant application. Investigator Shelton's affidavit stated that on February 14, 2008, the members of the Tri-City Drug Task Force used a cooperating individual to conduct a controlled buy of methamphetamine from Gary Zierke, Jr., the task force maintaining constant visual and audio surveillance of the CI's actions and communications with Zierke during that buy. The application states the CI contacted Zierke at approximately 9:46 a.m. at

---

[2] In fact, Investigator Conrad's affidavit filed in response to the motion explains that his testimony at the preliminary hearing was mistaken. The information in his affidavit and accompanying report clearly establishes that the date of the second buy was February 14, not January 23. Thus, the "correction" proffered by the defendant would not be a correction at all, but a false statement.

"ZIERKE's residence, *2008* East Seedling Mile #I, Grand Island, Hall County, Nebraska" (emphasis added), and after a brief conversation, the CI and Zierke traveled in a maroon 2008 Pontiac Grand Prix rented from Enterprise Car Rental to a residence in the Mobile Haven Trailer Park, specifically identified as 3511 Deann Road #13, Grand Island, Hall County, Nebraska. When the CI and Zierke arrived at that residence, the CI remained in the vehicle. Zierke entered the residence and approximately nineteen minutes later, returned to the vehicle with approximately 1/8th ounce of methamphetamine. After Zierke and the CI returned to Zierke's "residence," Zierke sold the methamphetamine to the CI for $350.00.

The two descriptions of the controlled purchase from defendant Zierke on February 14, 2008 are strikingly similar, except for the address of Zierke's "residence." Defendant has not shown or argued that the address used in the Shelton affidavit is in fact the correct "residence" of the defendant. The fact that the two investigators provided different residential addresses for Zierke is not material. "[S]earch warrants are not directed at persons; they authorize the search of places and the seizure of things, and as a constitutional matter, they need not even name the person from whom the things will be seized." [Zurcher v. Stanford Daily, 436 U.S. 547, 549 (U.S. 1978)](). Irrespective of where Zierke actually lived, Investigator Conrad's application indicated 3804 E. Seedling Mile Road #I was a location being used to sell illegal drugs. Investigator Shelton's warrant application––notably, seeking a search warrant for a *different* location--does not contradict the material facts set forth in Investigator Conrad's application.

Finally, the defendant claims Investigator Conrad misled the issuing judge by failing to disclose that CI0803-12 used methamphetamine in violation of his cooperating agreement. The cooperating agreement was signed on February 14, 2008. Based on the evidence before the court, the officer knew CI0803-12 had used methamphetamine during the 48 hours before February 14, 2008. This evidence may show that CI0803-12 used methamphetamine sometime between February 12 and February 14, 2008, but it does not show that he violated his cooperating agreement or should have been deemed unreliable or unworthy of belief. Judges are well aware that confidential informants frequently are not exactly the most upstanding of citizens; that this one used methamphetamine within 48 hours prior to signing a cooperation agreement and conducting a controlled delivery would not have destroyed his/her credibility had it been disclosed in the affidavit, given the other corroborating circumstances. See United States v. Parker, 836 F.2d 1080 (8th Cir. 1987)(Omission of informant's criminal activity not material to finding of probable cause when information at least partly corroborated).[3]

In summary, there is no evidence creating even an inference that the affiant's statements in the application were false, nor that they were made with reckless disregard for the truth, nor that Investigator Conrad purposefully or recklessly concealed information material to any probable cause determination. United States v. Williams, 477 F. 3d 554 (8th Cir. 2007); United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002). Simply, the

---

[3] In addition, even assuming CI0803-12 violated his cooperation agreement, the government's failure to terminate the agreement on the basis of a single, unauthorized use of drugs is not misconduct so outrageous that due process principles would absolutely bar the government from using this informant's information to obtain a warrant. Nieman, 520 F.3d at 838.

evidence before the court establishes that the information set forth in Investigator Conrad's affidavit presented to the Hall County District Judge was and remains true. Further, if the warrant application were "corrected" to include the omitted fact that CI0803-12 had used methamphetamine within the 48 hours prior to the controlled purchase on February 14, 2008, the warrant would still support a finding of probable cause to search 3804 E. Seedling Mile Road #I. Having failed to show that the information in the affidavit, if corrected, would undermine a probable cause showing, the defendant is not entitled to a <u>Franks</u> hearing, and the motion to suppress should be denied.

    IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, that the defendant's motion to suppress and request for a <u>Franks</u> hearing, <u>filing 22</u>, be denied in all respects.

    The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

    IT FURTHER HEREBY IS ORDERED: Trial is set to commence at 9:00 a.m. on October 14, 2008, for a duration of three trial days before the Honorable Richard G. Kopf in Courtroom 1, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. Jury selection will be at the commencement of trial.

    DATED this 6th day of August, 2008.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge