IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3067 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| GARY ZIERKE, JR., | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Pending before me are various matters. I address them in turn.

First, regarding the objection to 404(b) evidence (filing 42), to the extent that the objection, treated as a motion, raises evidence questions only, I will hold the motion in abeyance and take up that motion with counsel on the first day of trial. Counsel for the defendant shall submit a brief explaining why the statement is inadmissible under the evidence rules and in that brief counsel should state whether he desires a Rule 404(b) limiting instruction. If he seeks such a limiting instruction, counsel should propose one. That brief (and instruction) shall be submitted no later than January 2, 2009. The government may submit a responsive brief (and instruction) no later than January 9, 2009. To the extent the foregoing motion is based upon a constitutional claim that the statement of the defendant offered as Rule 404(b) evidence is inadmissible because it was obtained in violation of the Fifth Amendment or *Miranda* or because of some other constitutional precept, the motion is denied for the reasons articulated below.

Second, after de novo review, I will deny the motion to suppress (filing 45), adopt Judge Piester's report and recommendation (filing 59 and filing 61, at CM/ECF pp. 48-49), and deny the objection (filing 63) to the report and recommendation. In May of 2006, while Gary Zierke was incarcerated with the Nebraska Department of Corrections, Mr. Zierke met with investigators on a couple of occasions and he made

at least one statement the government proposes to use at trial. The meetings with the investigators were held at Mr. Zierke's request.

During the meetings with the investigators, Mr. Zierke discussed his desire to participate in controlled purchases of drugs. Special Agent John Dougherty with the Federal Bureau of Investigation attended one of the meetings. Special Agent Dougherty testified that at the meeting Mr. Zierke made a statement to the effect that once Mr. Zierke was released from prison, if Mr. Zierke was not working with the police, he would be selling drugs on his own. Special Agent Dougherty testified that this statement by Mr. Zierke was not in response to any questions by the investigators. Moreover, Special Agent Dougherty explained that none of the investigators were there to investigate Mr. Zierke about any criminal wrong doing, and did not question Mr. Zierke about criminal acts.

Judge Piester was correct. The statement at issue was not taken in violation of *Miranda* or otherwise.

IT IS ORDERED that:

1. The objection (filing 42), construed as a motion regarding the evidence rules, is held in abeyance until the first day of trial. The defendant shall submit a brief and, if appropriate, a proposed limiting instruction no later than January 2, 2009. The government may respond no later than January 9, 2009.

2. The objection (filing 42), construed as a motion challenging the statement on constitutional grounds, is denied.

3. The report and recommendation (filing 59 and filing 61, at CM/ECF pp. 48-49) is adopted and the motion to suppress (filing 45) and objection (filing 63) are denied.

December 10, 2008.

                            BY THE COURT:

                            *s/Richard G. Kopf*
                            United States District Judge