IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:08CR3067 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GARY ZIERKE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

Gary Zierke (Zierke)[1] submitted an ethics complaint to the Nebraska Counsel for Discipline regarding his attorney's alleged failure to report to the prosecutor that Zierke had told the defense lawyer that a witness against Zierke at his criminal trial had once asked Zierke to kill people. I had previously denied the same complaint. (Filing Nos. 201 and 202.) I had also previously denied Zierke's § 2255 motion asserting, among other things, ineffective assistance of counsel. (Filing Nos. 182, 186 and 187.)

The Nebraska Counsel for Discipline referred the ethics complaint to me pursuant to a recent agreement between the Nebraska Supreme Court and this court. In turn, I ruled that Zierke's state ethics complaint was frivolous and a blatant attempt to circumvent my prior rulings.[2] (Filing No. 203.)

---

[1] *See United States v. Zierke*, No. 4:08CR3067, 2008 WL 4104678 (D. Neb. Aug. 29, 2008) *aff'd*, *United States v. Zierke*, 618 F.3d 755 (8th Cir. 2010) for rulings at trial and on direct appeal and then see *United States v. Zierke*, 738 F. Supp. 2d 977 (D. Neb. 2010) for denial of post-conviction relief.

[2] This is the second state ethics complaint Zierke has filed in an effort to overturn his conviction and sentence. The first was against the prosecutor, and was dismissed by the Nebraska Counsel for Discipline. *See Zierke*, 738 F. Supp. 2d at 983-84 & n.4. After that, the Nebraska Supreme Court and this court entered into an agreement whereby ethics complaints filed with state authorities are referred to this

Zierke now appeals my latest ruling. After careful consideration, and pursuant to F.R.A.P. 24(a),

IT IS ORDERED:

1. The motion to proceed informa pauperis (filing no. 206) is denied. The appeal is not taken in good faith because (a) the ethics complaint has no merit; (b) the ruling on the ethics complaint is not appealable[3]; and (c) the appeal is an attempt to circumvent my prior denial of the same complaint. Moreover, the ethics complaint and related appeal is also an attempt to assert a second and successive § 2255 motion and the Court of Appeals has not granted Zierke permission to do so.[4]

2. The Clerk shall provide the Court of Appeals with a copy of this Memorandum and Order.

3. The Clerk shall not further process the notice of appeal (filing no. 205) unless ordered to do so by the Court of Appeals.

---

court for resolution when the complaint involves a lawyer's conduct in a federal case. *See* General Order No. 2011-02; General Order No. 2011-04 *available at* http://www.ned.uscourts.gov/pom/orders/index.html

[3]*See, e.g.*, *Starr v. Mandanici*, 152 F.3d 741 (8th Cir. 1998); *Mattice v. Meyer*, 353 F.2d 316 (8th Cir. 1966).

[4]Note also that I denied a certificate of appealability (filing no. 191), and so did the Court of Appeals (filing no. 196), regarding Zierke's earlier § 2255 motion.

2

DATED this 2nd day of August, 2011.

BY THE COURT:

s/*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.