IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:08-CR-3067 |
| vs. | ORDER |
| GARY ZIERKE, JR., | |
| Defendant. | |

    This matter is before the Court on the defendant's affidavit (filing 353) seeking the recusal of presiding Senior District Judge Richard G. Kopf, on grounds of alleged bias or prejudice. *See* 28 U.S.C. § 144; *see also* 28 U.S.C. § 455. The request has been referred (filing 354) to the undersigned at the discretion of Judge Kopf. *See Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017), *cert. denied,* 138 S. Ct. 992 (2018).

    The defendant's motion will be denied for two reasons. First, it's untimely. A motion for recusal must be made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim. *In re Steward*, 828 F.3d 672, 682 (8th Cir. 2016); *United States v. Rubashkin*, 655 F.3d 849, 858 (8th Cir. 2011); *see Holloway v. United States*, 960 F.2d 1348, 1355 (8th Cir. 1992) (citing *Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991)); *Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Homestake Min. Co.*, 722 F.2d 1407, 1414 (8th Cir. 1983). But the factual allegations that form the basis of the defendant's motion here—that is, the incidents he claims show bias or prejudice—took place in 2009 and 2019. 353 at 6-14. The defendant, aware of those facts, didn't seek recusal until now. Accordingly, he waived recusal on those grounds by failing to raise them earlier.

Second, a legally sufficient affidavit must allege bias or prejudice, <u>and</u> such bias or prejudice must stem from an extrajudicial source. *United States v. Faul,* 748 F.2d 1204, 1211 (8th Cir. 1984). That is, "bias or prejudice" doesn't include opinions held by judges acquired in the course of the proceedings, nor does it include opinions held as a result of what judges learned in earlier proceedings. *Liteky v. United States,* 510 U.S. 540, 551 (1994). A party isn't entitled to recusal even when a judge is ill-disposed toward him, where the judge's knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings. *In re Steward,* 828 F.3d at 682; *see Rubashkin,* 655 F.3d at 858. And judicial rulings rarely establish a valid basis for recusal. *United States v. Melton,* 738 F.3d 903, 906 (8th Cir. 2013). Here, the defendant's accusations are premised entirely on unfavorable rulings in previous litigation, which are neither extrajudicial nor indicative of bias. *See United States v. Larsen,* 427 F.3d 1091, 1095 (8th Cir. 2005); *see also United States v. Martin,* 757 F.3d 776, 778 (8th Cir. 2014). Accordingly,

IT IS ORDERED that the defendant's request for recusal (filing 353) is denied.

Dated this 5th day of March, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge