IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:08-CR-3067 |
| vs. | MEMORANDUM AND ORDER |
| GARY ZIERKE, JR., | |
| Defendant. | |

The defendant has filed a host of motions, variously challenging the basis for the judgment against him or asking the Court to reduce his sentence. Those motions will generally be denied, and his conviction and sentence will stand.

BACKGROUND

The defendant was indicted in 2008 on one count of conspiracy to possess and distribute methamphetamine, and one count of distributing methamphetamine mixture. Filing 1. After a few months of case progression, the defendant—through counsel—filed an unusual motion: A "motion to determine competency of trial counsel." Filing 47. The motion explained that the defendant had asked his counsel to "set this matter for a hearing to make certain [the defendant] is receiving effective assistance of counsel." Filing 47. That motion was resolved after a hearing with the Magistrate Judge, who determined that counsel was competent. Filing 59. The minute entry for that hearing indicates that the defendant and his counsel "agree[d] they will continue to work together on this case." Filing 58.

The case proceeded to a jury trial, resulting in the defendant's conviction on both counts. Filing 117. The presentence report—in the "prosecutor's

version of the offense"—described the conspiracy and identified several co-conspirators, including: Machelle Sanchez, Kellie Svoboda, Sonia Martinez, Lance Thomas, Timothy Vorhees, and Gary Zierke III. Filing 144 at 4-7. All had testified at trial. Filing 114. The PSR also identified all as "related cases." Filing 144 at 1, 4.

The presentence report determined that the defendant's total offense level was 39. Filing 144 at 9. The defendant's lengthy criminal history resulted in a total of 26 criminal history points, including two "status points"—double the total needed to place him in criminal history category VI. Filing 144 at 9-17. In addition, the defendant had three prior state convictions for crimes of violence—assaulting an officer and two different assaults by a confined person—any two of which made him a career offender, also placing him in criminal history category VI. Filing 144 at 17. Those findings—combined with a 40-year maximum sentence—resulted in a guidelines sentencing range of 360-480 months. Filing 144 at 26. The Court adopted those findings, filing 152 at 1, and sentenced the defendant to 360 months' imprisonment, filing 151.

The defendant's convictions and sentence were affirmed on direct appeal. *United States v. Zierke*, 618 F.3d 755 (8th Cir. 2010). Before that appeal was even decided, however, the defendant began filing a lengthy series of postconviction motions, all to no avail. There are literally dozens of *pro se* motions—too many to readily summarize—but here are the important ones:

- A motion under Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 60(b) asserting prosecutorial misconduct and fraud on the Court, and questioning the Court's jurisdiction. Filing 163.
- A motion for a writ of mandamus compelling the U.S. Attorney to seek an indictment of the Assistant U.S. Attorney who prosecuted the defendant. Filing 169.

- A motion to vacate pursuant to 28 U.S.C. § 2255. Filing 182.
- A motion for a certificate of appealability after his § 2255 motion was denied. Filing 190.
- A motion to appoint counsel and reinstate his direct appeal as to Count II, claiming that his conviction on that count hadn't been appealed. Filing 215.
- A motion to reopen his § 2255 motion. Filing 220.
- A motion to reconsider the denial of his motion to reopen. Filing 224.
- Another Rule 60(b) motion, this one seeking relief from the judgment dismissing his § 2255 motion. Filing 238.
- Two motions to dismiss. Filing 248; filing 251.
- A second § 2255 motion. Filing 270.[1]
- A motion for a certificate of appealability after his second § 2255 motion was denied. Filing 277.
- A motion to reduce sentence pursuant to U.S.S.G. Amend. 782. Filing 289.
- A motion for home confinement. Filing 332.
- A second motion for a reduced sentence pursuant to Amend. 782. Filing 347.
- A motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on legal arguments regarding his conviction and sentence and allegations of Judge Kopf's bias against him. Filing 349.

---

[1] A third § 2255 motion was filed by the Federal Public Defender based on *Johnson v. United States*, 576 U.S. 591 (2015), filing 309, but it was denied based on *Beckles v. United States*, 580 U.S. 256 (2017), *see* filing 322.

- A second motion for compassionate release pursuant to § 3582(c)(1)(A)(i), based on alleged medical conditions and the COVID-19 pandemic. Filing 361.
- A third motion for a reduced sentence pursuant to U.S.S.G. Amend. 782. Filing 365.
- A third motion for compassionate release pursuant to § 3582(c)(1)(A)(i). Filing 384.

## DISCUSSION

That brings the Court to the pending motions, which present a number of different arguments—although the Court has seen several of them before.

### MOTION FOR COMPASSIONATE RELEASE

First up is a fourth motion for compassionate release pursuant to § 3582(c)(1)(A)(i), although it *also* asserts the right to a sentence reduction pursuant to Amend. 782. Filing 403. As the Court understands the defendant's argument, it goes like this: He's no longer a career criminal because his prior convictions are no longer considered "crimes of violence," and he would then be entitled to an Amend. 782 reduction because his sentence would be based on his specific offense conduct, not the career criminal guideline. Filing 403; *see* filing 144 at 9, 17.

That doesn't work, for a number of reasons. The first is that it's not clear why the defendant thinks his prior offenses wouldn't be crimes of violence under the current guidelines. True, it's *possible* that two out of the three assaults were offenses that could have been committed "recklessly," meaning they wouldn't be "aggravated assault," or satisfy the "force" clause of the current version of U.S.S.G. § 4B1.2(a). *See* Neb. Rev. Stat. §§ 28-930, 28-931,

and 28-932;[2] *see also* Borden v. United States, 593 U.S. 420, 429 (2021). But the defendant hasn't made that explicit, or pointed to anything in the record proving it.

Even if he had, however, that showing would be insufficient. The defendant cannot use a motion under 18 U.S.C. § 3582(c) to collaterally attack the accuracy of the presentence report. *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied,* 142 S. Ct. 2781 (2022); *United States v. Turner*, No. 4:17-CR-3121, 2024 WL 2846142 (D. Neb. June 5, 2024), *aff'd*, No. 24-2300 (8th Cir. June 27, 2024). And in the absence of an applicable, retroactive guidelines amendment, the Court cannot recalculate the defendant's guidelines range. Nor—to the extent that the defendant is arguing that his sentence is unusually long—has he established that there is a separate extraordinary and compelling reason for a sentence reduction, that there is a "gross disparity" between the bottom-of-the-guidelines-range sentence he received and the sentence that would be imposed today, or that any such disparity resulted from a change in law *other* than a nonretroactive guidelines amendment. *See* U.S.S.G. § 1B1.13(b)(6).[3]

---

[2] The Court cites to the current versions of the relevant Nebraska statutes for convenience; they weren't materially different when the offenses were committed.

[3] The defendant expressly advances an argument that his sentence is "unusually long" in a motion for leave to amend that he filed after U.S.S.G. Amend. 814 was adopted. Filing 418. The Court understands the defendant's motion to be asking the Court to consider that argument as supporting his pending motion for compassionate release (filing 403). The Court will grant the motion for leave to amend based on that understanding—in other words, the Court has carefully considered the defendant's argument, but is *not* giving him permission to file a new amended motion. The defendant also raised an issue with respect to "related cases" that will be dealt with below in disposing of his motion to correct the presentence report. *Compare* filing 418 at 14-16, *with* filing 428.

That's because, perhaps most importantly: *None* of this would actually affect the guidelines sentencing range, even if everything the defendant says is true. He was a criminal history category VI whether or not he was a career offender. And even if the Court removed the career offender guideline *and* gave the defendant an Amend. 782 reduction, it would only reduce the offense level from 39 to 37—which wouldn't move the guidelines range at all. *See* U.S.S.G. Ch. 5 Pt. A. The advisory guidelines range would be 360-480 months, no matter what. In the absence of a meaningful amendment to the statutes or reduction of the guidelines range, there's no factual basis for the defendant's argument.

The Court has also reviewed the defendant's reply brief (filing 412), which goes well beyond the scope of the claims asserted in his initial motion (filing 403). Primarily, the defendant's new arguments comprise collateral attacks on his conviction and sentence. *See* filing 412. They provide no support for a compassionate release motion, and the Court does not consider them.

MOTION FOR DOCUMENTS

The defendant has filed a motion in this long-closed criminal case essentially seeking discovery he says is relevant to a long-closed civil case he filed against the Assistant U.S. Attorney who prosecuted this case. Filing 405. The defendant's motion specifically requests that some documents be provided by the government. Filing 405 at 1.

But the basis for that demand is that the documents are allegedly relevant to a separate civil case, no. 4:21-cv-3187, that the defendant filed against several defendants including the Assistant U.S. Attorney in his individual capacity. Discovery in a civil case, to the extent available, belongs in that civil case subject to the Federal Rules of Civil Procedure—not in a demand for documents from the opposing party in a collateral case. Moreover, that civil case was dismissed in February 2022, and the Eighth Circuit

summarily affirmed that judgment in April 2022. *Zierke v. Molsen*, No. 4:21-CV-3187, 2022 WL 464520 (D. Neb. Feb. 15, 2022), *aff'd,* No. 22-1593, 2022 WL 4293097 (8th Cir. Apr. 15, 2022). In other words, not only is the defendant seeking discovery in the wrong place, he's seeking it for a case that's long since closed. There's no basis to compel the government to provide evidence here.

One of the documents sought is a court filing—the "motion to determine competency of trial counsel" (filing 47) filed early in the progression of this case. But the defendant doesn't have the right to receive copies from the court without payment, even if he's indigent. *See* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980). And for the reasons explained above, the defendant has provided no good reason to demand one.[4]

The defendant has also asked for a transcript of closing arguments, and it's not entirely clear whether the defendant is seeking that from the government or the Court. Filing 405 at 2-3. But no transcript of the closing arguments (filing 112) has been prepared, so the Court can't provide him with one. *See* filing 134 at 31. The defendant is free, however, to order a transcript at his own expense. Should he wish to do so, he will need to know that closing argument was held on January 16, 2009 and was digitally recorded before Judge Kopf. A request for transcript form is enclosed with this order.

MOTION TO REDUCE SENTENCE

Next, the defendant filed a motion to reduce his sentence based on U.S.S.G. Amend. 821. Filing 420. Or at least that's what the first sentence says—but nothing in the rest of the motion has anything to do with Amend.

---

[4] In addition, there's nothing in the motion that seems relevant to the defendant's civil claims, because there's not a lot in the motion at all. *See* filing 47. The part quoted above is pretty much the whole thing.

- 7 -

821. That amendment, as applied retroactively, amended U.S.S.G. § 4A1.1 to limit the criminal history impact of "status points," and created U.S.S.G. § 4C1.1 to provide a two-level reduction to the offense level for certain "zero-point" offenders. *See* U.S.S.G. Amend. 825. While the defendant was assessed two "status points," he would have been criminal history category VI regardless, and he obviously wasn't a zero-point offender. *See* filing 144 at 16-17. Amend. 821 simply doesn't apply to him, and he doesn't really seem to contend otherwise. *See* filing 420; *see also* filing 431; filing 432.

Instead, the defendant offers a lengthy argument about inchoate offenses that, frankly, the Court can make little sense of. He suggests that at the time of his sentencing, inchoate offenses such as conspiracy "were not included in the guidelines" and as a result, were he resentenced, "Count I of his indictment would not exist." Filing 420 at 3.

The defendant *might* be referring to a burgeoning circuit split about whether the definition of "controlled substance offense" found in § 4B1.2(b) includes inchoate crimes. *See generally United States v. Rivera*, 76 F.4th 1085, 1088-91 (8th Cir. 2023), *cert. denied,* 144 S. Ct. 861 (2024); *see also United States v. Cupples*, No. 23-1606, 2024 WL 3194339, at *1 (8th Cir. June 27, 2024). If so, he's misreading those cases—they address what is or isn't a predicate "controlled substance offense" for purposes of determining career offender status. *See* § 4B1.1. That's not at issue here: The predicate offenses establishing the defendant's career offender status weren't inchoate crimes, and they weren't controlled substance offenses. *See* filing 144 at 17.[5] The only inchoate controlled substance offense that's relevant in this case is the offense of conviction, for which he was properly sentenced.

---

[5] And even if they were, in the Eighth Circuit, inchoate offenses still count. *See Cupples*, 2024 WL 3194339, at *1; *Rivera*, 76 F.4th at 1091.

BILL IN EQUITY

Next up is a filing captioned as a "Bill in Equity." Filing 423. It seeks to set aside the defendant's conviction based on fraud. Filing 423. But a bill in equity isn't available here.

> The independent action in equity derives its name from the portion of Fed. R. Civ. P. 60(d) which states that the "rule does not limit a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding." The independent action, or original bill, to impeach a judgment is founded upon an independent and substantive equitable jurisdiction, as distinguished from other forms of relief from judgment such as by a motion for rehearing, a motion for a new trial, or other motions by which a court exercises supervisory power over its judgment. A party cannot relitigate in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.

*Sinesterra v. Roy*, 347 F. App'x 9, 10 (5th Cir. 2009) (citations and quotations omitted). As a result, there is no "bill in equity" allowing a criminal defendant to collaterally attack a conviction in equity. A defendant can attack a judgment of conviction on direct appeal or in a § 2255 motion, but "[n]othing authorizes the federal courts to add new equitable remedies to the federal post-conviction remedial scheme." *Sinesterra*, 347 F. App'x at 10.

Rather, a post-conviction filing that fits the description of § 2255 *is* a motion under § 2255, and subject to its restrictions, no matter what the pleader says. *Rey v. United States*, 786 F.3d 1089, 1091 (8th Cir. 2015). And the defendant's motion here is squarely described by the plain text of § 2255(a):

- 9 -

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The defendant's "bill in equity" is in fact an unauthorized § 2255 motion and, for reasons the Court is about to explain, will be dismissed. *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020).

### SECTION 2255 MOTION

The defendant also filed what is expressly a § 2255 motion. Filing 427. Presumably seeking to evade the need for certification of a second or successive motion, *see* § 2255(h), the defendant invokes Fed. R. Civ. P. 15(c) in an attempt at "relation back" to his first § 2255 motion. Filing 427; *see* filing 182.

That attempt fails. It is true that Rule 15(c) can be used, under certain circumstances, to permit amended claims in a § 2255 to "relate back" to an earlier motion for statute of limitations purposes. *See United States v. Hernandez*, 436 F.3d 851, 856-57 (8th Cir. 2006). But that's as far as it goes. When a claim "relates back" under Rule 15(c), that just means that a claim asserted in an amended pleading is treated as if it was filed at the time of a superseded pleading when determining whether it was timely filed. *See* Rule 15(c)(1). It's not a vehicle for reopening a closed proceeding.

After judgment, a party can only ask for *leave*, under Rule 15(a), to amend a pleading. *See Geier v. Missouri Ethics Comm'n*, 715 F.3d 674, 677 (8th

Cir. 2013). There's no basis for leave here. The defendant is simply reasserting the claims that the Court previously denied, and insisting that the Court erred in denying them. That motion is in fact an unauthorized successive § 2255 motion, and will be dismissed as such. *See Louis v. United States*, No. 0:02-CV-4757, 2003 WL 721674, at *1 (D. Minn. Feb. 26, 2003); *see also United States v. Hunter*, No. 0:12-CR-185, 2023 WL 7017772, at *2 (D. Minn. Oct. 25, 2023); *cf. Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

MOTION TO CORRECT PRESENTENCE REPORT

The defendant's final motion insists that something is wrong with the presentence report, because it lists several alleged co-conspirators as "related cases." Filing 428. The Court questions its authority to entertain such a motion so long after judgment. *See United States v. Leath*, 711 F.2d 119, 120 (8th Cir. 1983); *see also Risken v. United States*, 899 F.2d 728, 730 (8th Cir. 1990). But regardless, there's nothing wrong with the presentence report.

The defendant wants the Court to "clarify for the record" whether the other cases listed in the presentence report "are <u>related cases</u> or co-conspirators." Filing 428 at 2; *see* filing 144 at 1. But that's based on a false assumption: That they have to be one or the other. Cases involving co-conspirators can, and often are, related. The defendant complains that the sentencing guidelines don't define "related cases," filing 428 at 1, but they're defined by this Court's local rules: "Open or closed criminal cases are related when some or all of the charges arise from the same general set of events." NEGenR 1.4(a)(4)(C)(i).

Semantically, the co-conspirators are people, while the "related cases" are the separate cases in which those people were prosecuted. But it doesn't really matter—identifying the "related cases" in the presentence report has no direct legal significance. It's just to help the sentencing judge remember how

these often complicated conspiracy cases fit together. Nor does it matter that the cases weren't consolidated: Joinder under Fed. R. Crim. P. 8 is permissive, not mandatory. *See United States v. Rabbitt,* 583 F.2d 1014, 1021 (8th Cir. 1978), *abrogated on other grounds by McNally v. United States,* 483 U.S. 350 (1987); *see also United States v. Hill,* 604 F. App'x 759, 767 (10th Cir. 2015).

Even if there was a way to correct an error in a 2009 presentence report, the defendant has identified no error. His motion will be denied.

IT IS ORDERED:

1. The defendant's fourth motion for compassionate release (filing 403) is denied.

2. The defendant's motion for documents (filing 405) is denied.

3. The defendant's motion for status (filing 413) is denied as moot.

4. The defendant's second motion for status (filing 414) is denied as moot.

5. The defendant's motion to amend (filing 418) is granted.

6. The defendant's fourth motion to reduce sentence (filing 420) is denied.

7. The defendant's "bill in equity" (filing 423), construed as a § 2255 motion, is dismissed.

8. The defendant's motion to appoint counsel (filing 424) is denied.

9. The defendant's fifth § 2255 motion (filing 427) is dismissed.

10. The defendant's motion to correct the presentence report (filing 428) is denied.

11. The Federal Public Defender's motion to withdraw (filing 431) is granted.

12. The Clerk of the Court shall provide the defendant with a copy of this order and a request for transcript form.

Dated this 2nd day of July, 2024.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge