IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GARY ZIERKE,<br><br>　　　　　　Defendant. | 4:08-CR-3067<br><br>ORDER |

　　The defendant has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which permits a defendant (after exhausting administrative remedies) to move for reduction of a term of imprisonment based upon "extraordinary and compelling reasons." Filing 453. The defendant argues that there is a disparity between his sentence and sentences imposed in later cases. Filing 453.

　　The defendant's motion arguably implicates U.S.S.G. § 1B1.13(b)(6), which permits a sentence reduction when a sentence is unusually long and a change in the law has created a gross disparity between the sentence being served and the sentence that would likely be imposed today. The Eighth Circuit has held, however, that despite § 1B1.13(b)(6), a nonretroactive change in sentencing law cannot, independently or in combination with other factors, constitute an "extraordinary and compelling reason" for a sentence reduction pursuant to § 3582(c)(1)(A). *United States v. Johnson*, No. 24-2393, 2025 WL 1949738, at \*2 (8th Cir. July 16, 2025) (citing *United States v. Crandall*, 25 F.4th 582 (8th Cir. 2022); *United States v. Rodriguez-Mendez*, 65 F.4th 1000 (8th Cir. 2023); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)). That authority forecloses the defendant's argument. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 453) is denied.

Dated this 17th day of July, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge
