IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GARY ZIERKE,

        Defendant.

4:08-CR-3067

ORDER

        The defendant has filed three new motions to reduce his sentence. Filing 450; filing 458; filing 462. None of his motions have any merit.

        The first motion claims that the sentencing guidelines have been amended effective February 2, 2024, to impose a maximum sentence of 25 years for violating 21 U.S.C. § "841(A)(1)(b)(1)(A)" and 15 years "under 841(A)(1)(b)(1)(b)." Filing 450 at 2. Neither of those subsections exist, but if the defendant was referring to §§ 841(b)(1)(A) and (B), the statutory range for those subsections remains 20 years-life and 5-40 years, respectively. *See id.*[1] The defendant does not cite the guidelines amendment on which he is purportedly relying. No guidelines amendments took effect on February 2, 2024,[2] no amendment to the guidelines resembles the description offered by the defendant, and no guideline imposes a maximum sentence of any kind for

---

[1] The defendant's offenses of conviction were actually §§ 841(b)(1)(B) and (C) and his sentences are being served concurrently, so the relevant statutory range is the 5-40 years' imprisonment.

[2] The effective date for *retroactivity* of Parts A and B, Subpart 1 of Amendment 821 was February 1, 2024, but that amendment doesn't apply to the defendant. *See* filing 144 at 17.

drug offenses that differs from the statutory maximum. Simply put, the Court cannot find any basis for the defendant's argument.

The defendant also argues that the use of acquitted conduct, and relevant conduct, and uncharged conduct, is unconstitutional. Filing 450 at 3. But the evidence the defendant complains about was simply *uncharged* conduct, *see* filing 450 at 4, and using uncharged conduct at sentencing is constitutional where it doesn't increase the statutory minimum or maximum sentence. *See U.S. v. Leaf*, 306 F.3d 529, 533 (8th Cir. 2002).[3]

The defendant's other two motions raise one issue: He argues that the drug weight used to calculate the guidelines range for his sentencing was incorrect. Filing 458; filing 462. He's wrong about that—in fact, his theory would raise his guidelines sentencing range, not lower it.

The defendant points out that the guidelines treat methamphetamine mixture (just called "methamphetamine") and pure methamphetamine ("methamphetamine (actual)") differently. True enough. *See* U.S.S.G. § 2D1.1 cmt. B. So he contends that the 629 grams of methamphetamine his guidelines range was based on should actually have been 314 grams (based on 50 percent purity of the mixture). *See* filing 458 at 3. That, he claims, would reduce his base offense level to 26 (under the 2024 guidelines).

But the defendant's math would actually have increased his sentence. If the 629 grams of methamphetamine mixture attributed to him was 50 percent pure, that would be 314.5 grams of methamphetamine (actual). And the guidelines explain that when calculating the weight of a mixture, "use the offense level determined by the entire weight of the mixture or substance, or

---

[3] Not to mention that if the defendant's constitutional rights were violated, the remedy would be a 28 U.S.C. § 2255 motion, not an ad hoc motion for a sentence reduction under a non-existent guidelines amendment. *See* filing 435 at 9-10.

the offense level deter-mined by the weight of the PCP (actual), amphetamine (actual), or methamphetamine (actual), whichever is greater." § 2D1.1 cmt. B.

In other words, the defendant's argument wouldn't result in a base offense level 26—it would result in a base offense level of 32, same as when the defendant was sentenced. *Compare* § 2D1.1(c)(4), *with* filing 144 at 8. And that's under today's guidelines. When the defendant was sentenced, under the 2008 guidelines, it would have been a base offense level of 34.

The defendant also provides no legal mechanism for correcting an alleged sentencing error at this point. None of the authorities cited—18 U.S.C. § 3582(c)(2), Fed. R. Crim. P. 35(a),[4] or the All Writs Act—apply here. *See United States v. Noske,* 235 F.3d 405, 406 (8th Cir. 2000). But the defendant's misreading of the guidelines is dispositive. Accordingly,

The defendant's motions to reduce sentence (filing 450; filing 458; filing 462) are denied.

Dated this 18th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[4] Rule 35 only applies for 14 days after sentencing, so the defendant probably means Fed. R. Crim. P. 36, but what's he's raised isn't a "clerical error." *See United States v. Nelson,* 988 F.2d 798, 811 (8th Cir. 1993).